NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2903
_____

UNITED STATES OF AMERICA

v.

PEDRITO SANTIAGO MORETA,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:06-cr-00096-ER-1)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2022

Before: McKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed:  September 8, 2022)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Pedrito Santiago Moreta appeals from the District Court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1).  The

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Government has filed a motion for summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2005, Moreta and others attempted to rob a Brinks truck and a check cashing store using a gun and a can of mace. After trial, a jury found him guilty of conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, aiding and abetting Hobbs Act robbery, and two counts of using and carrying, and aiding and abetting the use and carrying of a firearm during a crime of violence (18 U.S.C. § 924(c)). The District Court imposed a sentence of 421 months' imprisonment, which included mandatory consecutive 7- and 25- year sentences on the § 924(c) counts. We affirmed the conviction and sentence. See C.A. No. 07-4309. In 2010, he filed a motion under 28 U.S.C. § 2255, which the District Court denied. In 2019, after we authorized him to file a second or successive § 2255 motion, Moreta filed a motion arguing that a Hobbs Act robbery could not serve as a predicate crime of violence under § 924(c). That motion remains pending. The Bureau of Prisons currently estimates that Moreta will be released on July 10, 2039.

In August 2020, Moreta filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), seeking relief from the stacked consecutive sentences imposed for his convictions under 18 U.S.C. § 924(c). He argued that, if sentenced today under § 924(c) as amended in 2018 by the First Step Act, he would receive a substantially shorter

sentence for those convictions.[1]  His motion also detailed his extensive efforts at rehabilitation while in prison.  The Government filed a response in opposition.  In an order entered on August 27, 2020, the District Court denied Moreta's motion because he had not demonstrated "extraordinary and compelling" reasons as required under § 3582(c)(1)(A).  See ECF No. 327.  The Court relied on an analogous case, United States v. Andrews, 480 F.Supp.3d 669 (E.D. Pa. 2020), in which it had recently held that the sentencing disparities occasioned by the First Step Act amendment did not constitute "extraordinary and compelling" reasons under § 3582.  The Court also explained that, while Moreta's rehabilitation was "commendable," it was not sufficient to support a reduction in sentence.  ECF No. 327 at 1(citing 28 U.S.C. §994(t), which provides that rehabilitation alone cannot constitute "extraordinary and compelling" reasons).

Moreta filed this timely appeal.  After he filed an opening brief, we granted the Government's motion to stay briefing in the appeal pending a decision in the Andrews case, which was also on appeal before this Court.  We decided the Andrews appeal in August 2021, see United States v. Andrews, 12 F.4th 255 (3d Cir. 2021), and the stay of briefing was lifted.  The Government has now moved for summary affirmance of the District Court's order denying Moreta's motion for compassionate release.  Moreta opposes summary action.

---

[1] According to the Government, under the amended § 924(c), Moreta's total minimum term would be 15 years less than what was imposed.  See Appellee's Motion for Summary Affirmance at 5.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for an abuse of discretion, see Andrews, 12 F.4th at 259, and we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (cleaned up). We may summarily affirm if the appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We conclude that the District Court did not abuse its discretion by denying Moreta's motion for compassionate release. Our decision in Andrews is dispositive here. In that case, we rejected the assertion that the nonretroactive changes to § 924(c) through the First Step Act qualified as "extraordinary and compelling" reasons for reduction or release under § 3582. Andrews, 12 F.4th at 260-61. That is precisely what the District Court decided with respect to Moreta's motion. Moreta has not meaningfully distinguished his situation from that in Andrews.

Further, although Moreta contends that his rehabilitative efforts should have provided a sufficient "extraordinary and compelling" reason for release, we agree with the District Court's conclusion on this issue, also. There is no debate that Moreta submitted evidence of laudable rehabilitative efforts. Nevertheless, the statute is clear that rehabilitation alone cannot constitute extraordinary and compelling grounds under § 3582. See 28 U.S.C. § 994(t).

Accordingly, we will affirm the District Court's order. Moreta's motion to stay the appeal pending the District Court's decision on his § 2255 motion is denied.